IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| KIDIA M. TYLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| CASE NEW HOLLAND, d/b/a CNH, | ) | |
| a majority-owned subsidiary of Fiat S.p.A., | ) | |
| Defendant. | ) | |

**COMPLAINT**

KIDIA M. TYLER ("Tyler"), by and through her attorneys, JOHN MIRAGLIA, complains of the defendant, CASE NEW HOLLAND, d/b/a CNH, a majority-owned subsidiary of Fiat S.p.A., ("CNH"), stating as follows:

NATURE OF ACTION

1. Tyler brings this civil action for race discrimination under 42 U.S.C. §1981; race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* as amended by the Civil Rights Act of 1991; and violation of the Family Medical Leave Act 29 U.S.C. §2601, *et seq.*

JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(4) and 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g). Jurisdiction is also based on 28 U.S.C. § §1331, 1343 and 42 U.S.C. § §1981.

3, Tyler filed her charge of discrimination with the State of Wisconsin, Department of Workforce Development on September 4, 2008 alleging employment discrimination based upon race and exercise of federally protected rights. On December 9, 2008 the investigation of the division revealed that facts support the allegations that CNH had discriminated against Tyler based on her

race, sex and in retaliation for exercise of her protected workplace rights. Subsequently, her charge was transferred to the Equal Employment Opportunities Commission which issued a notice of right to sue to Tyler on June 1, 2009.

4. Venue lies in the Eastern District of Wisconsin, Milwaukee Division, pursuant to 28 U.S.C. §1391(b) because the events giving rise to this claim occurred in this judicial district and Tyler and the defendant all reside in this district.

## PARTIES

5. Tyler an African-American female, a citizen of the United States and a resident of Wisconsin. Tyler started her employment with defendants in May of 2005 and is employed as a CNC Operator.

6. CNH is a manufacturer and employer of the Tyler. At all relevant times hereto defendant employed in excess of five hundred individuals. Defendant is an employer within the meaning of Title VII and FMLA.

## FACTS COMMON TO ALL COUNTS

7. Throughout her employment with defendant, Tyler has been a loyal and dedicated employee. She always was and remains qualified and capable of performing her job functions and, at all relevant times hereto, performed at or above an acceptable level. Tyler's job performance, up until the time she was discriminated against, exceeded defendant's reasonable expectations.

8. Tyler had previously filed a prior employment discrimination complaint under the Wisconsin Family Medical Leave Act based on the denial of her request for leave under the FMLA by CNH.

9. On August 18, 2008, the Human Resources Representative of CNH, Mike McQuade, claimed that Tyler was sleeping on the job.

10. Tyler's co-worker, upon questioning by both the duty supervisor and McQuade concerning the charges of that Tyler was sleeping on the job, directly contradicted the charges of CNH. Nonetheless, CNH suspended Tyler for five (5) days without pay.

## COUNT I— RACE DISCRIMINATION (42 U.S.C. §1981)

1-10. Plaintiff incorporates by reference paragraphs 1 through 10 as if fully set forth here.

11. Tyler is an African-American.

12. At the time that Tyler was suspended, similarly situated white employees of CNH were treated more favorably.

13. Tyler's race was a motivating factor in defendant's discipline of Tyler.

14. As a direct and proximate result of the actions of the defendants as stated above, Tyler has suffered lose of income and has otherwise been economically damaged.

15. As a direct and proximate result of the actions of the defendants as stated above, Tyler has suffered and continues to suffer emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

16. The actions of the defendant as stated above were willful and malicious and done with reckless indifference toward Tyler's federally protected rights. As a result, Tyler is entitled to an award of punitive damages.

WHEREFORE, plaintiff, Kidia M. Tyler requests the following relief:

A. A declaration by this court that Tyler's rights under 42 U.S.C. §1981were violated by defendants' actions;

B. Reinstatement of Tyler to her position, including all seniority, benefits and pay increases she would have received if she had not been wrongfully terminated;

3

C. Back pay from the dates of Tyler's suspension, including but not limited to the following:

(i) salary and raises commensurate with those given other similarly situated employees;

(ii) bonuses commensurate with those given other similarly situated employees;

(iii) all benefits, including but not limited to pension and profit sharing, health benefits and other benefits commensurate with those given similarly situated employees;

D. An award of compensatory and punitive damages in the maximum amount permitted by law;

E. An award of Tyler's costs and reasonable attorney's fees as permitted by law;

F. For such other relief as this court deems just.

## COUNT II— RACE & SEX DISCRIMINATION (TITLE VII)

1-10. Plaintiff incorporates by reference paragraphs 1 through 10 as if fully set forth here.

11. Tyler is an African-American female.

12. At the time that Tyler was suspended, similarly situated white male employees of CNH were treated more favorably.

13. Tyler's race was a motivating factor in defendant's discipline of Tyler.

14. Tyler's sex was a motivating factor in the defendant's discipline of Tyler.

15. As a direct and proximate result of the actions of the defendants as stated above, Tyler has suffered lose of income and has otherwise been economically damaged.

4

16.     As a direct and proximate result of the actions of the defendants as stated above, Tyler has suffered and continues to suffer emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

17.     The actions of the defendant as stated above were willful and malicious and done with reckless indifference toward Tyler's federally protected rights.  As a result, Tyler is entitled to an award of punitive damages.

WHEREFORE, plaintiff, Kidia M. Tyler requests the following relief:

A.      A declaration by this court that Tyler's rights under Title VII were violated by defendants' actions;

B.      Reinstatement of Tyler to her position, including all seniority, benefits and pay increases she would have received if she had not been wrongfully terminated;

C.      Back pay from the dates of Tyler's suspension, including but not limited to the following:

    (i)     salary and raises commensurate with those given other similarly situated employees;

    (ii)    bonuses commensurate with those given other similarly situated employees;

    (iii)   all benefits, including but not limited to pension and profit sharing, health benefits and other benefits commensurate with those given similarly situated employees;

D.      An award of compensatory and punitive damages in the maximum amount permitted by law;

E. An award of Tyler's costs and reasonable attorney's fees as permitted by law;

F. For such other relief as this court deems just.

## COUNT III—RETALIATION (FMLA)

1-10. Plaintiff incorporates by reference paragraphs 1 through 10 as if fully set forth here.

11. At all times relevant, CNH knew that Tyler had filed or believed that Tyler had or would file a complaint under the FMLA.

12. As a direct and proximate result of the actions of the defendants as stated above, Tyler has suffered lose of income and has otherwise been economically damaged.

13. As a direct and proximate result of the actions of the defendants as stated above, Tyler has suffered and continues to suffer emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

14. The actions of the defendant as stated above were willful and malicious and done with reckless indifference toward Tyler's federally protected rights. As a result, Tyler is entitled to an award of punitive damages.

WHEREFORE, plaintiff, Kidia M. Tyler requests the following relief:

A. A declaration by this court that CNH retaliated against Tyler in derogation of her federally protected rights under the FMLA;

B. Reinstatement of Tyler to her position, including all seniority, benefits and pay increases she would have received if she had not been wrongfully terminated;

C. Back pay from the dates of Tyler's suspension, including but not limited to the following:

    (i) salary and raises commensurate with those given other

similarly situated employees;

   (ii) bonuses commensurate with those given other similarly situated employees;

   (iii) all benefits, including but not limited to pension and profit sharing, health benefits and other benefits commensurate with those given similarly situated employees;

 D. An award of compensatory and punitive damages in the maximum amount permitted by law;

 E. An award of Tyler's costs and reasonable attorney's fees as permitted by law;

 F. For such other relief as this court deems just.

       Respectfully Submitted,


       s/John Miraglia_____
       Attorney for the Plaintiff


### RULE 38 JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury.


John Miraglia
Attorney for Plaintiff
1021 West Adams Street
Suite 102
Chicago, Illinois 60607
Telephone: (312) 829-2308
Facsimile: (312) 829-3729
E-mail: jmiraglia@gmail.com